## Case No. 6,363.

### HENLEY v. BROOKLYN ICE CO.

[8 Ben. 471; 14 Alb. Law J. 19.] [1]

District Court, S. D. New York. June, 1876.[2]

DEMURRAGE—CUSTOMARY DISCHARGE.

A cargo of ice was brought to New York by the schooner M. H., under a bill of lading which contained no condition as to the discharge of the cargo, except that the vessel was "to be discharged by the consignee with the assistance of the crew." At the time of her arrival there were several other vessels in port with cargoes of ice for the same consignee. They were discharged in the order in which their arrivals were reported, as was customary; and the M. H. was not discharged till fifteen days after notice of her arrival was given to the consignee: *Held*, that the consignee was not liable for demurrage.

[Cited in Finney v. Grand Trunk Ry. Co., 14 Fed. 172; Addicks v. Three Hundred and Fifty-Four Tons Crude Kainit, 23 Fed. 729; The Z. L. Adams, 26 Fed. 656; Bellatty v. Curtis, 41 Fed. 480.]

This was a libel by Alpheus Henley, master of the schooner Marcus Hunter, to recover $390, as demurrage for thirteen days' detention of the vessel. The vessel brought a cargo of ice from Dresden, Maine, to New York, under a bill of lading, by which it appeared that the cargo was shipped by the Dresden Ice Company, and was to be delivered at New York to George E. Holyoke, agent of the Brooklyn Ice Company. The libel alleged that the vessel arrived in New York on September 27th, 1874, and gave notice to the respondent on the 29th that she was ready to deliver cargo, that two days' time would have been sufficient for the discharge of the cargo, but that it was not received by the respondent till the 12th of October. The answer averred, that, when the vessel arrived, there were already several vessels with similar cargoes consigned to the respondent, which had arrived before the Hunter; that it was customary to discharge vessels in the order in which their arrival had been reported; that these vessels were so discharged; that, when the turn of the Hunter came, she was discharged in a day; and that, therefore, no demurrage was due.

Beebe, Wilcox & Hobbs, for libellant.

E. B. Cowles, for respondent.

BLATCHFORD, District Judge. There is not, in the bill of lading in this case, any clause as to the number of days to be allowed for discharging the cargo, or as to demurrage, or any clause requiring dispatch in discharging, or relating to discharging, except that ice and dunnage are "to be discharged by consignees with assistance of crew." Under these circumstances, the only obligation resting on the respondents, under the bill of lading, was to take the ice in the usual and customary way, with reasonable diligence. Their liability resulted from implication of law and extended only to the exercise of proper diligence in the customary manner. Ford v. Cotesworth, L. R. 4 Q. B. 127, L. R. 5 Q. B. 545; Cross v. Beard, 26 N. Y. 85; Coombs v. Nolan [Case No. 3,180]. In this case no fault or negligence is shown on the part of the respondent. A fleet of vessels all laden with ice arrived together, having been delayed by bad weather. They were discharged in the order of their arrival, in the customary way. The case is not like that of Keen v. Audenried [Id. 7,639], where the charter party required "dispatch in discharging," and where it was held that the vessel was not obliged to await her turn, in respect of other vessels which the consignees of her cargo were discharging, nor to yield to any custom to that effect obtaining with such consignees. In cases like the present, it is not sufficient to show delay, but some deliquency or fault must be shown. In the present case, with such a cargo as ice, and under the course of dealing with such cargoes by the respondents, as shown by the evidence, I think the respondents were entitled to all the time they took to unload the cargo of this vessel. The libel is dismissed, with costs.

This decision was affirmed by the circuit court, on appeal, June, 1878. [Case No. 6,364.]