## BELLATTY v. CURTIS et al.

(District Court, D. Massachusetts. February 14, 1890.)

DEMURRAGE—LIABILITY OF CONSIGNEE—BILL OF LADING—STIPULATIONS.

Where the bill of lading does not provide for lay-days, nor stipulate as to the time of unloading, the consignees are not liable for demurrage because a cargo was not unloaded until 17 days after arrival, where it appears that the delay was caused by the vessel waiting her turn at the consignees' wharf according to the usage of the port, and that she was then unloaded with reasonable dispatch.

In Admiralty. Libel in personam for damages.
E. P. Carver, for libelant.
C. T. Russell, Jr., for respondents.

NELSON, J. The respondents are lumber merchants, with a wharf in Boston, where it is customary for vessels, arriving with cargoes of lumber consigned to them, to be unloaded in turn in the order of their arrival, according to the usage of the port. The schooner City of Ellsworth, of which the libelant was master, arrived in Boston, July 10, 1888, with a cargo of lumber on board, consigned to the respondents. The next morning the master reported to the consignees, and, as their wharf was then fully occupied in unloading other vessels, which had arrived before the City of Ellsworth, he was told he must wait his turn. On the 24th a part of the cargo, consisting of laths on deck, was unloaded, and the vessel again hauled into the stream. On the 29th the rest of the cargo was discharged. Nineteen days elapsed from the time the master re-

ported until she was finally discharged. The whole time spent in unloading was two days. The bill of lading contained no provision upon the subject of demurrage.

The claim of the libelant is that the discharge ought to have been begun immediately upon the arrival of the vessel, and, as 2 days were sufficient for discharging her, he is entitled to recover for 17 days' demurrage. This claim cannot be allowed. Where no lay-days are provided in the bill of lading or charter-party, and there is no express stipulation as to the time of unloading, the consignee is not liable for delays occurring without his fault. The only obligation resting on the consignee, under such circumstances, is to take the cargo in the usual and customary way, with reasonable diligence; and the burden of proof, in order to recover for demurrage, is upon the ship-owner to show that the consignee is chargeable with some negligence in unloading, or that he exceeded the customary period. *The Hyperion's Cargo*, 2 Low. 93, on appeal, Holmes, 290; *Henley* v. *Ice Co.*, 8 Ben. 471, on appeal, 14 Blatchf. 522; *Riley* v. *A Cargo of Iron Pipes*, 40 Fed. Rep. 605. There is nothing in the case to show that the respondents were guilty of any negligence, or exceeded the customary period in unloading. The only complaint here is that the vessel was required to wait her turn at the wharf. It is conceded that she was then discharged with all reasonable dispatch. As the vessel was discharged in the usual way, and within a period sanctioned by the usage of the port, there is no ground for charging the respondents with demurrage for unreasonable detention. Libel dismissed, with costs.